**FILED**
**MAY 2 6 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
*ex rel.* RACHAEL E. SCHWARTZ,
2800 Quebec Street, NW
Apartment 1055
Washington, DC 20008
(202) 237-5369

                        Plaintiffs,

v.

UNITEDHEALTH GROUP INC.
9900 Bren Road East
Minnetonka, Minnesota 55343

and

MD-INDIVIDUAL PRACTICE
ASSOCIATION, INC.
d/b/a M.D. IPA
4 Taft Court
Rockville, Maryland 20850

                        Defendants.

Case: 1:11-cv-00977
Assigned To : Leon, Richard J.
Assign. Date : 5/26/2011
Description: Pro Se Gen. Civil

Civil Action No. _____
**Complaint and Jury Demand**

SEALED

**JURY ACTION**

# COMPLAINT

## SUMMARY

1.    This is an action brought on behalf of the United States of America by Plaintiff/Relator Rachael E. Schwartz pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729-3732, to recover damages and civil penalties arising from Defendants' actions in presenting and causing to be presented false and fraudulent claims for payment

1

or approval and making and causing to be made false statements and fraudulent representations to the United States Government in order to obtain premium payments for health insurance plans covering federal employees. Defendants knowingly made false statements and fraudulent representations concerning the scope of coverage of their insurance policies for certain medical procedures and presented false and fraudulent claims for insurance premiums under those policies.

2. Plaintiff/Relator Schwartz is, concurrent with the filing of this Complaint, serving upon the Attorney General of the United States and the United States Attorney for the District of Columbia a copy of this Complaint and a written disclosure of substantially all material evidence and information possessed by Plaintiff/Relator Schwartz, pursuant to the requirements of 31 U.S.C. § 3730(b)(2).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 31 U.S.C. § 3732(a) (False Claims Act) and 28 U.S.C. § 1331 (Federal Question).

4. This Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. § 3732(a) because the each Defendant can be found in, resides in, and/or transacts business in this judicial district and committed acts proscribed by 31 U.S.C. § 3729 in this judicial district.

5. Venue lies in this Court pursuant 28 U.S.C. § 1391(b) and (c) because each Defendant can be found in, resides in, and/or transacts business in this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

6. Plaintiff/Relator Schwartz is a citizen of the United States and resides and works in Washington, D.C.

7. Defendant UnitedHealth Group Inc. ("UnitedHealth") is a Minnesota corporation with its principal place of business at 9900 Bren Road East, Minnetonka, Minnesota. Defendant MD-Individual Practice Association, Inc. d/b/a M.D. IPA ("M.D. IPA") is a Maryland corporation with its principal place of business at 4 Taft Court, Rockville, Maryland and is a subsidiary of Defendant UnitedHealth.

## FACTUAL ALLEGATIONS

8. Defendant UnitedHealth, through its subsidiaries, including Defendant M.D. IPA, provides health benefits plans and services for large national employers, public sector employers (including the U.S. government), mid-sized employers, small businesses, and individuals nationwide.

9. Plaintiff/Relator Schwartz is a 53-year-old federal government employee who has been employed by the Securities & Exchange Commission ("SEC") since February 2005. Since commencing her employment with the SEC, she has obtained health insurance coverage from Defendants. Premiums for this health insurance are paid in part by the federal government and in part by the federal government employee. For example, in 2010, Plaintiff/Relator Schwartz paid $800.07 in premiums for health insurance coverage and the federal government paid $4,994.42 in premiums for Plaintiff/Relator's health insurance coverage.

10. In materials describing health benefits for federal government employees to whom they provide and seek to provide health insurance coverage, Defendants describe the scope of the benefits they provide and the amount of copayment required of the individual employee for various types of medical services. For example, in materials provided to federal employees, including Plaintiff/Relator Schwartz, via mail and via the Internet, including Defendants' own web site for federal employees (www.uhcfeds.com), for the 2010 plan year, Section 5(c) of the booklet for the JP1 and JP2 High Option plans provides benefits and copayment information for "Services provided by a hospital or other facility, and ambulance services." In that section, Defendants state that there is a copayment of "$50 per outpatient non-surgical visit" and "$200 per outpatient surgical hospital visit." In addition, in Section 5(a) of that booklet, which covers "Preventive care, adult," Defendants state that for a "Colonoscopy screening – every ten years starting at age 50," there is a copayment of "$50 per outpatient non-surgical visit" and "$200 per outpatient surgical hospital visit." Upon information and belief, Defendants made similar statements to officials of the United States government responsible for administration of federal employee health benefits.

11. On December 7, 2010, Plaintiff/Relator Schwartz underwent a screening colonoscopy at the George Washington University Hospital ("GWUH") on an outpatient basis. No surgery was performed during this procedure. GWUH submitted a claim for this procedure to Defendants.

12. When Plaintiff/Relator Schwartz received a bill from GWUH for the colonoscopy, the bill showed that Defendants had left unpaid $200 of the charges billed by GWUH. Because the colonoscopy did not involve surgery, Plaintiff/Relator Schwartz paid GWUH

$50 (the amount of the non-surgical deductible provided for in Defendant's booklet quoted above) and wrote an appeal letter dated January 18, 2011 to Defendants pointing out that the examination results showed that there were no polyps, lesions, or anything else to be removed, and thus no surgery.

13. Defendants responded, in a letter dated January 31, 2011, that they would not change their position. According to this letter, the sole rationale for Defendants' refusal to pay the additional $150 (i.e., $200 less $50) that it had falsely represented it would pay was that "the hospital billed the procedure under Current Procedural Terminology (CPT) Code 45378: Colonoscopy, flexible, proximal to splenic fixture; diagnostic, with or without collection of specimen(s) by brushing or washing, with or without colon decompression (separate procedure). This code is designated as a code in the surgical procedure group per the American Medical Association."

14. In a response letter to Defendants dated February 7, 2011, Plaintiff/Relator Schwartz requested copies of all documents, records, and other information relevant to her appeal, including a written statement of the rationale or health plan provision used to make the decision. After receiving a non-responsive letter from Defendants dated February 15, 2011, Plaintiff/Relator Schwartz wrote another letter, dated February 14, 2011, reiterating that request and noting that the doctor who performed the procedure is not surgeon and that the definition of a "surgical procedure" is "a medical procedure involving an incision with instruments, performed to repair damage or arrest disease in a living body." Plaintiff/Relator Schwartz further noted that in her case, there was no incision, no damage that was repaired, and no disease that was arrested.

15. In their reply, dated March 9, 2011, Defendants provided copies of prior correspondence with Plaintiff/Relator Schwartz, a copy of Section 5(c) of the booklet for the JP1 and JP2 High Option plans for 2010 quoted above, a copy of the GWUH bill and submitted claim, a description of the diagnosis and the treatment codes associated with Plaintiff/Relator's appeal, and an excerpt from the AMA's Current Procedural Terminology codebook. Defendants continued to refuse to acknowledge that the representations they had made to the federal government and to federal government employees considering and/or selecting them for their health insurance coverage were false (i.e., Defendants had represented that the copayment would only be $50 when in fact Defendants' practice was to require a copayment of $200).

16. On March 18, 2011, Plaintiff/Relator Schwartz filed an appeal with the Office of Personnel Management ("OPM").

17. In a letter to Plaintiff/Relator Schwartz dated April 14, 2011, Defendants, after having received notice of Plaintiff/Relator's appeal to OPM, finally stated that "We are adjusting this claim as you should have been charged a $50 copayment rather than the outpatient surgical copayment of $200."

18. Upon information and belief, Defendants have a fraudulent practice of charging a $200 copayment for all colonoscopies billed under CPT code 45378, which actually encompasses both pure screening colonoscopies (such as Plaintiff/Relator's) and colonoscopies in which surgery is performed. Unless the federal government employee who has a colonoscopy that does not involve surgery and who is wrongfully charged the $200 copayment doggedly and persistently pursues all available appeal mechanisms, including appeal to OPM, that employee will not receive the benefits that Defendants

falsely represented he or she would receive and for which the federal government and the employee have paid.

19. As a consequence of this fraudulent billing practice, every claim for a premium payment submitted to the federal government on or before December 31, 2010 by Defendants was false.

20. Every statement by Defendants that federal government employees covered by Defendants' health insurance policies would be charged a copayment of $50 per outpatient non-surgical visit was false.

### COUNT I: VIOLATIONS OF THE FALSE CLAIMS ACT

21. Plaintiff/Relator hereby realleges and incorporates by reference the allegations made in Paragraphs 1 through 20 of this Complaint.

22. This is a claim for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§ 3729-3732.

23. Through the acts described above and otherwise, Defendants and their agents and employees: (i) knowingly presented, or caused to be presented, to the United States Government, false or fraudulent claims for payment or approval; (ii) knowingly made, used, or caused to be made or used, false records or statements material to such false or fraudulent claims in order to get such false and fraudulent claims paid and approved by the Government.

24. The United States Government and the public fisc have been damaged as a result of Defendants' violations of the False Claims Act.

## PRAYER

WHEREFORE, Plaintiff/Relator Schwartz prays for judgment against Defendants as follows:

(1) That Defendants cease and desist from violating 31 U.S.C. §§ 3729-3732;

(2) That the Court enter judgment against Defendants in amount equal to three times the amount of damages the United States has sustained as a result of Defendants' actions, as well as a civil penalty against each Defendant of $10,000 for each violation of 31 U.S.C. § 3729;

(3) That Plaintiff/Relator Schwartz be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) of the False Claims Act;

(4) That Plaintiff/Relator Schwartz be awarded all costs and expenses of this action, including attorneys' fees; and

(5) That the United States and Plaintiff/Relator Schwartz receive all such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff/Relator hereby demands trial by jury on all issues so triable.

Dated:  26 May 2011

*/s/ Rachael E Schwartz*

Rachael E Schwartz
D.C. Bar No. 383448
2800 Quebec Street, NW
Apartment 1055
Washington, DC 20008
Phone: (202) 237-5369
Fax: (202) 237-5369

Attorney for Plaintiff/Relator